## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | In Chapter 11 |
| | ) | |
| EREHWON MOUNTAIN | ) | No. 04 B 04459 |
| OUTFITTERS, INC., | ) | |
| Debtor. | ) | Judge Jack B. Schmetterer |
| | ) | |
| BARRY A. CHATZ not personally but as | ) | |
| Chapter 7 Trustee of EREHWON | ) | |
| MOUNTAIN OUTFITTERS, INC., | ) | Adv. No. 05 A 00049 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| OOBE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Following entry of default order, the Court now makes and enters the following Findings of Fact and Conclusions of Law in support of default judgment against, Defendant, OOBE, INC.:

### FINDINGS OF FACT:

1. On February 5, 2004, this case against Erehwon Mountain Outfitters, Inc. (the "Debtor") was commenced by the filing of an involuntary petition for relief under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code").

2. On February 9, 2004, an order was entered granting relief in Chapter 7.

3. On June 3, 2004, the undersigned was appointed Chapter 7 trustee in the Case.

4. The Debtor turned over all of its account records and documents to the trustee. Therefore, at all relevant times, the Trustee had either direct care, custody and/or control over all of the documents referred to herein.

Electronically Filed Document Case 05ap00049 Filed 07/14/05 14:13:17 Description Testimony Fact and Conclusions of Law Page 2 of 6

Case 05-00049  Doc 9  Filed 07/12/05  Entered 07/12/05  Document  Page 2 of 6

5. To the best of the Trustee's knowledge, with regards to any records attested to by the Trustee were prepared by the Debtor, the records were prepared and kept in the ordinary course of business, made by a person with knowledge of the facts or made from information transmitted by a person with knowledge of the facts at or near the time of the events appearing therein.

6. To the best of the Trustee's knowledge, with regards to all other records attested to by the Trustee, the records were kept in the ordinary course of the debtor's business and it is a regular business practice for the debtor to keep such records.

7. The Debtor maintained records that showed the goods purchased from the Defendant and the payments received by the Defendant during the 90 days prior to the filing of this case.

8. Pursuant to the Debtor's records, Defendant received $21,091.60, in two payments of $10,577.60 and $10,514.00 (the "Preference Payments") from the Debtor during the 90 days prior to the filing of this case.

9. The Preference Payments were made by Debtor to or for the benefit of Defendant.

10. The Preference Payments constitute a transfer of an interest of the Debtor in property within the meaning of §101(54) of the Bankruptcy Code.

11. The Defendant was a creditor of the Debtor at the time each of the Preference Payments were made within the meaning of §101(1)(A) of the Bankruptcy Code.

12. The Preference Payments were made on account of antecedent debts owed by Debtor to Defendant.

13. On the date of the Preference Payments and at all times during the Preference period, Debtor was insolvent within the meaning of §101(32) of the Code.

Case 05-00049 Doc 9 Filed 07/12/05 Entered 07/14/05 14:13:17 Desc Main Document Page 3 of 6

Electronically Filed Document Case 05ap00049 Entered 07/01/2005 Filed by Beverly Berneman Description Findings of Fact and Conclusions of Law Page 3 of 6

14. The Preference Payments was honored by Debtor's bank on December 2, 2003 and December 11, 2003 which were within the Preference Period.

15. The Preference Payments enabled Defendant to receive more than it would have received if the case were a case under Chapter 7 of the Bankruptcy Code, if the Preference Payments had not been made, and if Defendant had received payment of its debt to the extent provided by the Bankruptcy Code.

16. On October 26, 2004, the Trustee, by and through his counsel, sent Defendant, via United States Mail, a letter demanding return of the Preference Payments.

17. Defendant failed and refused to return the Preference Payments.

18. Defendant, by and through its registered agent, was served with summons in the above captioned matter by United States Mail on January 14, 2005.

19. To date, Defendant has failed to appear, answer or otherwise plead.

20. The Trustee has brought a motion to hold the Defendant in default and to enter a default judgment.

21. The following amounts are due from Defendant to the Trustee from October 26, 2004 to the date of demand to July 12, 2005:

| | | |
|---|---|---|
| a. | Principal amount due: | $21,091.60 |
| b. | Pre-Judgment Interest (6% from date of demand to July 12, 2005) | 897.98 |
| | Total | $21,989.58 |

22. On July 12, 2005, the Court entered an order holding the Defendant in default.

## CONCLUSIONS OF LAW:

I. *Jurisdiction*

United States district courts have subject matter jurisdiction over cases under Title 11 and proceedings arising under, arising in, or related to proceedings under Title 11. 28 U.S.C. 1334(a) and (b). Each district court is authorized to refer such proceedings to the bankruptcy judges for the district. 28 U.S.C. § 157(a). In the Northern District of Illinois, such a referral has been made pursuant to Local Rule 2.33. The above captioned matter falls within the definition of a core proceeding that arises in or under Title 11 pursuant to 28 U.S.C. § 157(b)(2)(F).

II. *The Trustee's Preference Action.*

    A. *Elements of the Cause of Action.*

Section 547(b) of the Bankruptcy Code provides that a Trustee can avoid transfers of an interest in property made:

    (1) to or for the benefit of creditors;

    (2) on account of antecedent, pre-petition debt owed to those creditors by the debtor;

    (3) made while the debtor was insolvent;

    (4) made within ninety days (or within one year for insider-transferees) before the petition date; and

    (5) which enables those transferees to receive a greater recovery on their claims than they would have received if the transfer had not occurred, and they received payment of their claims under the provisions of Chapter 7. 11 U.S.C. § 547(b).

    B. *Burden of Proof*

- 4 -

As plaintiff, the Trustee has the burden of proving the first, second, fourth, and fifth elements of §547(b). 11 U.S.C.§547(g); *Matter of Prescott*, 805 F.2d 719, 726 (7th Cir.1986). Section 547(f) of the Bankruptcy Code creates a rebuttable presumption that the debtor was insolvent during the ninety days prior to the petition date.

C.   *The Avoidable Transfer*

By his uncontested affidavit, the Trustee has proved the *prima facie* elements of a preferential pre-petition transfer to the Defendant. The Defendant received a payment on account of antecedent debt during the ninety days prior to the filing of this case when the Defendant's check was honored by the Debtor's bank. *Barnhil v. Johnson*, 112 S.Ct. 1386 (1992). The payment was made while the Debtor was insolvent. The payment allowed the Defendant to receive more than it would have in a Chapter 7 liquidation case.

D.   *Prejudgment Interest*

As the prevailing party, the Trustee may recover prejudgment interest from the date of demand for return of the preference from the Defendant. Courts generally apply the prime rate of interest to the judgment. *In re Schwinn Bicycle Co.*, 205 B.R. 557, 574 (Bkrtcy. N.D.Ill.,1997). The prime lending interest rate in May 2005 was 6%.

## CONCLUSION

For the foregoing reasons, the Trustee's Motion for Judgment by Default should be granted. Judgment should be entered on behalf of the Trustee and against Defendant in the amount of $21,091.60 plus interest in the amount of $897.98 for a total of $21,989.58.

Dated: 7/12/05

ENTERED:

U.S. Bankruptcy Judge

BENJAMIN, BERNEMAN, AND BROM, LLC
Attorneys for Plaintiff

- 5 -

Electronically Filed Document Case 05ap00049 Entered 07/01/2005 Filed by Beverly Berneman Description Testing Mail Fact and Conclusions of Law Page 6 of 6

Case 05-00049 Doc 9 Filed 07/12/05 Entered 07/14/05 14:13:17 Desc Main Document Page 6 of 6

216 West Jackson Boulevard, Suite 330
Chicago, Illinois 60606
(312) 444-1996